O'CONNOR PLAYDON GUBEN & INOUYE LLP
A LIMITED LIABILITY LAW PARTNERSHIP
JERROLD K. GUBEN        3107-0
733 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
JKG@opgilaw.com

Proposed Attorneys for
DebtorS and Debtors-in-Possession,
AGU PLUS, LLC and AGU-V, INC.

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>AGUPLUS, LLC,<br><br>    Debtor and<br>    Debtor-in-Possession. | Case No. 19-01529<br>(Chapter 11) |
| In re:<br><br>AGU-V, INC.,<br><br>    Debtor and<br>    Debtor-in-Possession. | Case No. 19-01530<br>(Chapter 11)<br><br>Hearing:<br>Date:<br>Time:<br>Judge: Honorable Robert J. Faris |

**EMERGENCY MOTION FOR ORDER AUTHORIZING
DEBTORS TO: (1) OBTAIN POST-PETITION SECURED
INDEBTEDNESS; (2) GRANT SECURITY INTERESTS AND
SUPERPRIORITY CLAIMS PURSUANT TO SECTION 364(c) OF THE
BANKRUPTCY CODE AND (3) SCHEDULE A FINAL HEARING;
EXHIBITS "A" TO "C"**

AguPlus, LLC, the Debtor in Case No. 19-01529 and Agu-V, Inc., the

Debtor in Case No. 19-01530 (the "Debtors"), pending approval of joint

administration of their chapter 11 cases, move this Honorable Court for entry of interim and final orders authorizing the Debtors to obtain post-petition financing on the terms and conditions set forth in the Term Sheet attached hereto as **Exhibit "A."**

The Debtors have an urgent and immediate need for cash to continue to operate. The Debtors do not have sufficient funds with which to operate on an ongoing basis and satisfy their debts. The Debtors therefore seek authority to obtain secured credit and utilize any existing cash collateral, on an interim basis pending a final hearing on this Emergency Motion for Order Authorizing Debtors to (1) Obtain Post-Petition Secured Indebtedness; (2) Grant Security Interests and Superpriority Claims Pursuant to Section 364(c) of the Bankruptcy Code; and (3) Schedule a Final Hearing (the "Motion"). Absent the requested financing, the Debtors will be immediately and irreparably harmed. The availability of interim loans under the DIP Facility (as defined below), will provide the Debtors with the liquidity necessary to operate their existing restaurant operations pending a final hearing, and will further provide necessary assurance to the Debtors' vendors, employees and customers of the Debtors' ability to meet its near-term obligations.

The Debtors request authority to obtain secured, first-priority lien financing with respect to the Debtors' property and revenues, post-petition financing up to an aggregate principal amount of up to $250,000.00, including

approximately $82,000.00 for insurance premiums (the "DIP Facility"), from Hannan Ribiyou Kabushikigaisha ("DIP Lender"), a Japan-based company that is the 90% owner and a creditor of AguPlus, LLC and Agu-V, Inc., pursuant to the terms of a DIP Loan Agreement to be finalized and filed hereafter, and the security and other documents to be executed in connection therewith. A copy of the term sheet setting forth the material terms and conditions of the DIP Facility (the "DIP Term Sheet") is attached hereto as **Exhibit "A."**

The Debtors request entry of interim and final orders granting: (i) authority to obtain post-petition financing pursuant to sections 364(c)(1), 364(c)(2), 364(c)(3), and 507 of the Bankruptcy Code, (ii) approval to pay operating expenses for the budget period (through June 1, 2020) not to exceed 110% of the expenses each period (on an aggregate and cumulative basis) as set forth in the budget to be supplied as **Exhibit "B",** and (iii) related relief.

Furthermore, on an interim basis, the advance amounts to will be limited to those necessary expenses, including payment of insurance premiums, needed to fund the Debtors' operations through the final hearing on the Motion (the "Final Hearing"). Specifically, pending the entry of the final DIP order (the "Final DIP Order" and, together with the Interim DIP Order, the "DIP Orders"), the Debtors request that the Court authorize the Debtors, on an interim basis, (i) to borrow up to $150,000.00, including payment of the insurance premiums, under

the DIP Facility, (ii) to use cash as provided in the Interim DIP Order, (iii) to grant to the DIP Lender the liens described in the Interim DIP Order, (iv) approve the adequacy of the proposed operations, and (vi) schedule the Final Hearing.

This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## I.     BACKGROUND

On November 29, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their business and manage their restaurants, affairs and assets as debtors-in-possession.

AguPlus, LLC owns and manages a restaurant business named "Agu, a ramen bistro" with locations at:

Hawaii Locations:

Ward Village (currently closed)
1200 Ala Moana Blvd., #657
Honolulu, HI 96814

Ala Moana Center (currently closed)
1450 Ala Moana Blvd., 2nd Floor
Honolulu, HI 96814

2146 Kalakaua Avenue, #101 (currently closed)
Honolulu, HI 96815

925 Isenberg Street (currently closed)
Honolulu, HI 96826

Pearlridge (currently closed)
98-1005 Moanalua Road
Aiea, HI 96701

Marketplace (currently closed)
590 Farrrington Highway, Suite 510
Kapolei, HI 96707

Central Kitchen (currently closed)
2300 N. King Street, Suite 101
Honolulu, HI 96819

## Texas Locations

7340 Washington Ave
Houston, TX 77007

2130 Lone Star Drive
Sugar Land, TX 77479

5331 E. Mockingbird Lane, Suite 125
Dallas, TX 75206

Houston Office (currently closed)
11238 Wilcrest Green Drive
Houston, TX 77042

Elridge (currently closed)
1809 Elridge Parkway S
Houston TX 77077

Westheimer (currently closed)
9310 Westheimer Road
Houston, TX 77063

NASA (currently closed)
1360 E. NASA Parkway
Houston, TX 77058

Mason (currently closed)
514 S Mason Road
Katy, TX 77450

Cinco Ranch (currently closed)
23501 Cinco Ranch Boulevard, R100
Katy, TX 77494

Central Kitchen (currently closed)
11248 Wilcrest Green Drive
Houston, TX 77042

The Debtors are considering whether to continue ongoing restaurant operations in Texas and to reopen one or more of the former locations in Hawaii.

Agu-V, Inc. is a holding company that owns certain real estate in Kahala and is the counterparty to a lease of the Debtors' former restaurant location at Ala Moana Center. As of the Petition Date, the only known secured creditor of the Debtors is Finance Factors, which holds a mortgage lien on Agu-V, Inc.'s real estate. There is an unknown UCC-1 filing against Agu-V, Inc. None of the liens or security interests to be granted to the DIP Lender will preempt or prime any pre-petition liens or secured claims. To the best of the Debtors' knowledge, no creditor has a security interest in any cash collateral. See **Exhibit "C,"** Title Guaranty of Hawaii, LLC, UCC-1 Financing Statements on AguPlus, LLC and Agu-V, Inc.

## II.  DEBTORS' PROPOSED POST-PETITION FINANCING ARRANGEMENT

### A.  NEED FOR POST-PETITION FINANCING

The Debtors lack adequate liquidity to fund continued restaurant operations, to pay utilities, and delinquent rent.  The Debtors are considering whether to reopen one or more of the former locations in Hawaii.  The Debtors' non-operating locations in Hawaii and Texas contain personal property that will be liquidated for the benefit of the Debtors' creditors.  The Debtors will use some of the DIP financing to pay for insurance premiums in an amount of approximately $82,000.00 to obtain post-petition insurance.

### B.  THE DIP FACILITY

The significant terms of the DIP Term Sheet are as follows:[1]

| | |
|---|---|
| **Borrower:** | AGUPlus LLC and Agu-V, Inc. ("Borrowers" or "Debtors") as debtors and debtors-in-possession in their jointly-administered Chapter 11 Case in the United States Bankruptcy Court for the District of Hawaii ("Bankruptcy Court"), as Case Nos. 19-01529 and 19-01530. |
| **Lender:** | Hannan Ribiyou Kabushikigaisha ("DIP Lender") c/o Goodsill Anderson Quinn & Stifel, Attn: Johnathan C. Bolton, Esq., 999 Bishop Street, Suite 1600, Honolulu, Hawaii 96813. |
| **Loan Amount and Terms:** | Maximum credit facility of up to $250,000.00, including $150,000.00 for insurance premiums ("DIP Credit Facility") to be funded upon approval of the DIP Credit Facility by the Bankruptcy Court in accordance with the terms herein. |

---

[1] This summary is qualified in its entirety by reference to the provisions of the DIP Term Sheet. Capitalized terms in this summary not otherwise defined herein shall have the meaning ascribed to such terms in the DIP Term Sheet, Exhibit "A."

| | |
|---|---|
| **Availability:** | The DIP Credit Facility will be made available immediately upon approval by the Court |
| **Use of Proceeds and Carve Out:** | The DIP Credit Facility shall be used to pay administrative expenses of the Chapter 11 Case, including, but not limited to, payment for maintenance and preservation of the property of the Debtor's estate, salaries, rent, insurance, utility services, operating expenses and court-approved professional fees and as such pre-petition expenses as may be approved by the Bankruptcy Court including $100,000.00 earmarked and set aside for payment of professionals' fees approved by the Bankruptcy Court, and as set forth in a to be provided budget approved by the Lender. |
| **Priority and Collateral:** | The DIP Credit Facility shall have (i) super-priority pursuant to 11 U.S.C. § 364(c)(1) and shall have priority over administrative expenses of the kind specified in 11 U.S.C. §§ 503(b), 507(a), 507(b) and 726, (ii) a first-priority senior security interest, pursuant to 11 U.S.C. § 364(c)(2), in all of the Debtors' personal property not subject to pre-petition liens; (iii) a first-priority lien and security interest in the Debtors' federal patent(s), copyrights and trademark(s), and (iv) a junior lien (subordinate to pre-petition secured lenders) pursuant to 11 U.S.C. § 364(c)(3) on the Debtors' real and personal property. |
| **Condition:** | Entry of an interim and final orders in a form acceptable to Lender which contains, among other terms, a finding that the Lender is a "good faith" lender pursuant to 11 U.S.C. § 364(e), even though an equity interest holder in the Debtor. |
| **Interest Rate:** | Simple interest on the outstanding balance of the DIP Credit Facility shall accrue at the rate of twelve percent (12%) per annum. Interest will accrue and will be payable at maturity or on the Termination Date. Interest will not otherwise be paid prior to these dates. The maturity date is June 1, 2020, which may be extended. |
| **Maturity:** | The DIP Credit Facility shall be due on or before the earlier of: June 1, 2020 or confirmation of Plan of Reorganization in the Debtor's Chapter 11 Case, unless extended by Lender or terminated earlier pursuant to a "DIP Credit Facility Termination Event" including, but not limited to the following: (i) a breach of any of the terms of the DIP Loan Documents; (ii) appointment of a Chapter 11 Trustee in a Chapter 11 Case; (iii) dismissal of the Chapter 11 Case; (iv) sale of substantially all of the Debtor's assets; or (v) conversion of the Chapter 11 to one under Chapter 7 of the Bankruptcy Code. |

| | |
|---|---|
| **DIP Loan Documents:** | Borrower shall execute and deliver, and cause to be executed and delivered to Lender a Promissory Note, Mortgage, Security Agreement and all such other documents as are reasonable and customary for similar loans. |
| **Governing Law:** | State of Hawaii |
| **Events of Default:** | Including, without limitation: (a) failure to pay principal, interest, fees and expenses when due; (b) violation of covenants; (c) change of control; (d) dismissal or conversion of the Chapter 11 Case; (e) appointment of a chapter 11 trustee in the Chapter 11 Case; (f) granting of relief from automatic stay to permit foreclosure on or exercise any other remedies with respect to any property of the Borrowers; or (g) the plan of reorganization shall not have been approved by the Bankruptcy Court by June 1, 2020. Upon any default under the DIP Credit Facility, interest shall accrue at the rate of fifteen percent (15%) per annum. |
| **Representation and Warranties:** | Usual and customary for facilities of this nature, including the following: (i) organization, qualification and due authorization of the Debtors; (ii) no undisclosed litigation; (iii) no breach of law or regulations; (iv) all necessary third party consents have been obtained. |
| **Covenants:** | Usual and customary for facilities of this nature, including the following: (a) organization, qualification and due authorization of the Borrower; (b) no undisclosed litigation; (c) no breach of laws or regulations; (d) all necessary third party consents have been obtained. |

The Debtors and DIP Lender have tentatively agreed upon an interim budget (the "Budget"), to be provided as Exhibit "B," which projects operations for six (6) months. The Debtors believes that the Budget is achievable and will allow the Debtors to pay administrative expenses through the Final Hearing.

## III.    THE DIP LOAN DOCUMENTS SHOULD BE AUTHORIZED

Approval of the DIP Financing will provide the Debtors with immediate and ongoing access to borrowing availability to pay their current and

ongoing operating expenses, including insurance premiums. Unless these expenditures are made, the Debtors will be forced to cease operations, which could result in irreparable harm to the Debtors' going concern value. The credit provided under the DIP Facility will enable the Debtors to continue to pay their expenses and operate their restaurants, with insurance coverages in the ordinary course to preserve and enhance the value of its estate for the benefit of all parties in interest. The availability of credit under the DIP Loan Agreement will provide the Debtors' vendors, employees, and suppliers the confidence that will enable and encourage them to continue their credit and/or other relationships with the Debtors. Accordingly, the timely approval of the relief requested herein is imperative.

Section 364(c) of the Bankruptcy Code provides, among other things, that if a debtor is unable to obtain unsecured credit allowable as an administrative expense under section 503(b)(l) of the Bankruptcy Code, the court may authorize the debtor to obtain credit or incur debt (a) with priority over any and all administrative expenses as specified in sections 503(b) or 507(b) of the Bankruptcy Code, (b) secured by a lien on property of the estate that is not otherwise subject to a lien, or (c) secured by a junior lien on property of the estate that is subject to a lien. 11 U.S.C. § 364. The Debtors propose to obtain the financing set forth in the DIP Loan Agreement by providing, inter alia, superpriority claims, security

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 7   Filed  12/05/19   Page 10 of 22

interests, and liens pursuant to sections 364(c)(l) and (2), and (3) of the Bankruptcy Code.

The Debtors' liquidity needs can be satisfied only if the Debtors are authorized to borrow funds from the DIP Lender to fund operations. Due primarily to the Debtors' dismal operating history under prior management, the Debtors have been unable to procure sufficient financing in the form of unsecured credit allowable under section 503(b)(1), as an administrative expense under section 364(a) or (b), in exchange for the grant of a superpriority administrative expense claim pursuant to section 364(c)(l). The Debtors have not been able to obtain postpetition financing proposals or other financial accommodations from any alternative prospective lender or group of lenders, much less on more favorable terms and conditions than those for which approval is sought herein. Among other advantages of this DIP Loan, the DIP Lender is not charging the typical up front deposit, plus administrative, unused line of credit, and exit fees. Nor does the DIP Lender require extensive diligence. Any other lender would ordinarily require substantial additional time for diligence, time that the Debtors simply cannot afford.

Provided that a debtor's business judgment does not run afoul of the provisions of, and policies underlying, the Bankruptcy Code, courts grant a debtor considerable deference in acting in accordance therewith. *See, e.g., In re*

U.S. Bankruptcy Court - Hawaii  #19-01529  Dkt # 7  Filed  12/05/19  Page 11 of 22

*Snowshoe Co., 789 F.2d at 1088; In re Ames Dep't Stores, Inc., 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990)* ("cases consistently reflect that the court's discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit parties in interest"); *see also In re Curlew Valley Assocs., 14 B.R. 506, 513-14 (Bankr. D. Utah 1981); In re Simasko Prod. co., 47 B.R. 444, 449 (D. Colo. 1985).*

The Debtors submit that the circumstances of this case require that the Debtors obtain financing under section 364(c) of the Bankruptcy Code, and accordingly, the DIP Loan Agreement reflects the exercise of its sound business judgment.

The terms and conditions of the DIP Loan Agreement are fair and reasonable. Accordingly, the DIP Lender should be accorded the benefits of section 364(e) of the Bankruptcy Code.

## IV. THE INTERIM APPROVAL SHOULD BE GRANTED TO AVOID IMMEDIATE AND IRREPARABLE HARM TO DEBTORS' ESTATE

Bankruptcy Rules 4001 (b) and (c) provide that a final hearing on a motion to obtain credit, respectively, may not be commenced earlier than fourteen (14) days after the service of such motion. Upon request, however, the Court is

581481v1/19-110/JKG

12

U.S. Bankruptcy Court - Hawaii  #19-01529  Dkt # 7  Filed  12/05/19  Page 12 of 22

empowered to conduct a preliminary expedited hearing on the motion and authorize the obtaining of credit to the extent necessary to avoid immediate and irreparable harm to a debtor's estate pending a final hearing.

Pursuant to Bankruptcy Rules 4001 (b) and (c), the Debtors request that the Court conduct an expedited preliminary hearing on this motion and (a) authorize the Debtors to borrow up to $250,000.00, including up to $150,000.00 on an interim basis under the DIP Facility, pending entry of a final order, in order to (i) maintain and finance the ongoing operations of the Debtors, and (ii) avoid immediate and irreparable harm and prejudice to the Debtors' estates and pay approximately $82,000.00 for insurance premiums, and (iii) schedule a hearing to consider entry of a final order.

## V. CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order granting the relief requested herein and such other or further relief as is just.

DATED: Honolulu, Hawai'i, December 4, 2019.

JERROLD K. GUBEN
Proposed Attorneys for Debtors
and Debtors-in-Possession
AGU PLUS, LLC and AGU-V, INC.

# Exhibit A

# TERM SHEET FOR DIP CREDIT FACILITY

**Borrower:**       AGUPlus LLC and Agu-V, Inc. ("Borrowers" or "Debtors") as debtors and debtors-in-possession in their jointly-administered Chapter 11 Case in the United States Bankruptcy Court for the District of Hawaii ("Bankruptcy Court"), as Case No. 19-01529.

**Lender:**       Hannan Ribiyou Kabushikigaisha ("Lender")

**Loan Amount and Terms:**       Maximum credit facility of up to $250,000.00, including $150,000.00 in interim borrowing to pay insurance premiums and other operating expenses ("DIP Credit Facility") to be funded upon approval of the DIP Credit Facility by the Bankruptcy Court in accordance with the terms herein.

**Availability:**       The DIP Credit Facility will be made available immediately upon approval by the Court

**Use of Proceeds and Carve Out:**       The DIP Credit Facility shall be used to pay administrative expenses of the Chapter 11 Case, including, but not limited to, payment for maintenance and preservation of the property of the Debtor's estate, salaries, rent, insurance, utility services, operating expenses and court-approved professional fees and as such pre-petition expenses as may be approved by the Bankruptcy Court including an amount set aside for insurance premiums, and as set forth in a to be provided budget approved by the Lender.

**Priority and Collateral:**       The DIP Credit Facility shall have (i) super-priority pursuant to 11 U.S.C. § 364(c)(1) and shall have priority over administrative expenses of the kind specified in 11 U.S.C. §§ 503(b), 507(a), 507(b) and 726, (ii) a first-priority senior security interest, pursuant to 11 U.S.C. § 364(c)(2), in all of the Debtors' personal property not subject to pre-petition liens; (iii) a first-priority lien and security interest in the Debtors' federal patent(s), copyrights and trademark(s), and (iv) a junior lien (subordinate to pre-petition secured lenders) pursuant to 11 U.S.C. § 364(c)(3) on the Debtors' real and personal property.

**Condition:**       Entry of an interim and final orders in a form acceptable to Lender which contains, among other terms, a finding that the Lender is a "good faith" lender pursuant to 11 U.S.C. § 364(e), even though an equity interest holder in the Debtor.

**Interest Rate:**       Simple interest on the outstanding balance of the DIP Credit Facility shall accrue at the rate of twelve percent (12%) per annum. Interest will accrue and will be payable at maturity or on the Termination Date. Interest will not otherwise be paid prior to these dates. The maturity date is June 1, 2020, which may be extended.

1

| | |
|---|---|
| **Maturity:** | The DIP Credit Facility shall be due on or before the earlier of: June 1, 2020 or confirmation of Plan of Reorganization in the Debtor's Chapter 11 Case, unless extended by Lender or terminated earlier pursuant to a "DIP Credit Facility Termination Event" including, but not limited to the following: (i) a breach of any of the terms of the DIP Loan Documents; (ii) appointment of a Chapter 11 Trustee in a Chapter 11 Case; (iii) dismissal of the Chapter 11 Case; (iv) sale of substantially all of the Debtor's assets; or (v) conversion of the Chapter 11 to one under Chapter 7 of the Bankruptcy Code. |
| **DIP Loan Documents:** | Borrower shall execute and deliver, and cause to be executed and delivered to Lender a Promissory Note, Mortgage, Security Agreement and all such other documents as are reasonable and customary for similar loans. |
| **Governing Law:** | State of Hawaii |
| **Events of Default:** | Including, without limitation: (a) failure to pay principal, interest, fees and expenses when due; (b) violation of covenants; (c) change of control; (d) dismissal or conversion of the Chapter 11 Case; (e) appointment of a chapter 11 trustee in the Chapter 11 Case; (f) granting of relief from automatic stay to permit foreclosure on or exercise any other remedies with respect to any property of the Borrowers; or (g) the plan of reorganization shall not have been approved by the Bankruptcy Court by June 1, 2020. Upon any default under the DIP Credit Facility, interest shall accrue at the rate of fifteen percent (15%) per annum. |
| **Representation and Warranties:** | Usual and customary for facilities of this nature, including the following: (i) organization, qualification and due authorization of the Debtors; (ii) no undisclosed litigation; (iii) no breach of law or regulations; (iv) all necessary third party consents have been obtained. |
| **Covenants:** | Usual and customary for facilities of this nature, including the following: (a) organization, qualification and due authorization of the Borrower; (b) no undisclosed litigation; (c) no breach of laws or regulations; (d) all necessary third party consents have been obtained. |

2

# Exhibit  B

# (To be Provided)

# Exhibit C



**TITLE GUARANTY**
───── TITLE & ESCROW SERVICES ─────

OCONNOR PLAYDON GUBEN & INOUYE LLP
MAKAI TOWER
733 BISHOP ST STE 2400
HONOLULU, HI 96813

Attn: Julie Ratum

## FINANCING STATEMENT

Maximum liability limited to
$3,500.00

We have made a search of the Indexes at the Bureau of Conveyances of the State of Hawaii and certify that the following is a list of all U.C.C. financing statement(s) and assignment(s) thereof, against the Debtor(s) hereinafter named, which have been recorded or for which a valid continuation statement has been recorded in said Indexes within the period beginning five (5) years and six (6) months prior to the date of this report and ending on the date of this report.

DEBTOR(S):    AGU PLUS LLC

        Financing Statement(s) – NONE

-Note:-    No search has been made for, and this report does not cover: (1) any financing statements incorporated in a mortgage; and (2) any financing statements or other documents affecting the same which may have been recorded or registered in the filing office of another state or country.

This report is dated October 25, 2019 at 8:00 a.m.

Inquiries concerning this report should be directed to
RTS Customer Service
RTSCustomerService@tghawaii.com
Fax (808)-521-0278
Telephone (808)-533-5874
Refer to Order No. 201956039

Title and Escrow is our business. Hawaii is our home.

### Title Guaranty of Hawaii, LLC

235 Queen Street, Honolulu, Hawaii 96813 | www.TGHawaii.com | Phone: (808)-533-6261 | Fax: (808)-521-0210



**TITLE GUARANTY**
—— TITLE & ESCROW SERVICES ——

OCONNOR PLAYDON GUBEN & INOUYE LLP
MAKAI TOWER
733 BISHOP ST STE 2400
HONOLULU, HI 96813

Attn: Julie Ratum

## FINANCING STATEMENT

Maximum liability limited to
$3,500.00

We have made a search of the Indexes at the Bureau of Conveyances of the State of Hawaii and certify that the following is a list of all U.C.C. financing statement(s) and assignment(s) thereof, against the Debtor(s) hereinafter named, which have been recorded or for which a valid continuation statement has been recorded in said Indexes within the period beginning five (5) years and six (6) months prior to the date of this report and ending on the date of this report.

DEBTOR(S):     AGU-V, INC.

          Financing Statement(s)
          Document No A-71700735

-Note:-     No search has been made for, and this report does not cover: (1) any financing statements incorporated in a mortgage; and (2) any financing statements or other documents affecting the same which may have been recorded or registered in the filing office of another state or country.

This report is dated November 26, 2019 at 8:00 a.m.

Inquiries concerning this report should be directed to
RTS Customer Service
RTSCustomerService@tghawaii.com
Fax (808)-521-0278
Telephone (808)-533-5874
Refer to Order No. 201961320

Title and Escrow is our business.  Hawaii is our home.

**Title Guaranty of Hawaii, LLC**

235 Queen Street, Honolulu, Hawaii 96813  |  www.TGHawaii.com | Phone: (808)-533-6261 | Fax: (808)-521-0210

STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED  August 19, 2019  8:02 AM
Doc No A71700735

/s/ LESLIE T. KOBATA, Registrar
KEO 2

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER** (optional)
CSC   1-800-858-5294

**B. E-MAIL CONTACT AT FILER** (optional)
SPRFiling@cscglobal.com

**C. SEND ACKNOWLEDGMENT TO:**  (Name and Address)

1686 39083
CSC
801 Adlai Stevenson Drive
Springfield, IL 62703

Filed In: Hawaii
(S.O.S.)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

---

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| AGU-V Inc., fka IYO Seimen USA Inc. | | | |

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 201 MERCHANT ST 2300 CITY FINANCIAL TOWER | HONOLULU | HI | 96813 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| UEHARA | HISASHI | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 201 MERCHANT STREET SUITE 2300 CITY FINANCIAL TOWER | HONOLULU | HI | 96813 | USA |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| CORPORATION SERVICE COMPANY, AS REPRESENTATIVE | | | |

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| P.O. Box 2576 uccsprep@cscinfo.com | Springfield | IL | 62708 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
All personal property and general intangibles, including related accessions, accessories, replacements and proceeds, and certain future receivables, as detailed and defined in a loan agreement between secured party and debtor.

---

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION** (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
1686 39083

**FILING OFFICE COPY — UCC FINANCING STATEMENT** (Form UCC1) (Rev. 04/20/11)

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank
because Individual Debtor name did not fit, check here ☐

9a. ORGANIZATION'S NAME

AGU-V Inc., fka IYO Seimen USA Inc.

OR

9b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name;
do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME

OR

10b. INDIVIDUAL'S SURNAME

UEHARA

INDIVIDUAL'S FIRST PERSONAL NAME

HISASHI

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

| 10c. MAILING ADDRESS 5250 BROWNWAY ST. SUITE 1603 | CITY Houston | STATE TX | POSTAL CODE 77056 | COUNTRY USA |

11. ☐ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

11a. ORGANIZATION'S NAME

OR

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the
REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut   ☐ covers as-extracted collateral   ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16
(if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS: