Date Signed:
June 9, 2020



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br>AGUPLUS, LLC,<br>    Debtor and<br>    Debtor-in-Possession.<br><br>In re<br>AGU-V, INC.,<br>    Debtor and<br>    Debtor-in-Possession. | Case No. 19-01529<br>Case No. 19-01530<br>(Chapter 11)<br>(Jointly Administered)<br><br>*Hearing*:<br>Date:   May 11, 2020<br>Time:   2:00 p.m.<br>Judge:  Honorable Robert J. Faris<br><br>*Reference Docket No. 214* |

**ORDER RE: MOTION TO APPROVE SETTLEMENT OF
CLAIM OF CPUS MOCKINGBIRD, LP; EXHIBIT A**

On April 30, 2020, AguPlus, LLC, the Debtor in Case No. 19-01529 filed a Motion to Approve Settlement of CPUS Mockingbird, LP ("Motion") (Dkt. No. 214) pursuant to Rule 9019, F.R.Bk.P., LBR 9019-1.

The Motion came on for hearing on May 11, 2020 before the Honorable Robert J. Faris, Judge of the United States Bankruptcy Court for the District of Hawaii. Jerrold K. Guben appeared for the Debtor, AguPlus, LLC. No other parties appeared and no objections were filed.

Based on the Motion, the Memorandum in Support, the Stipulation and Order Re: Debtor's Motion to Approve Settlement of Claim of CPUS Mockingbird, LP, attached hereto as Exhibit A, and being advised in the premises and for good cause,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that the Motion to Approve Settlement of CPUS Mockingbird, LP is hereby GRANTED.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that the terms and settlement provided in the Stipulation and Order Re: Debtor's Motion to Approve Settlement of Claim of CPUS Mockingbird, LP is hereby GRANTED.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that upon the rejection of the unexpired non-residential lease, the CPUS Mockingbird, LP, is entitled to the damages provided by 11 U.S.C. § 502(b)(6) and the Settlement of Claim.

- End of Order –

Submitted by:
O'CONNOR PLAYDON GUBEN & INOUYE LLP
JERROLD K. GUBEN   3107-0
733 Bishop Street, Suite 2400
Honolulu, Hawaii  96813
Telephone:  (808) 524-8350
Facsimile:  (808) 531-8628
JKG@opgilaw.com

Attorneys for Debtors
AGUPLUS, LLC and AGU-V, INC.

599452v1/19-110/JKG

## STIPULATION AND ORDER RE: DEBTOR'S MOTION TO APPROVE SETTLEMENT OF CLAIM OF CPUS MOCKINGBIRD, LP

Now come AguPlus, LLC ("Debtor"), as debtor and debtor-in-possession in the above-referenced Chapter 11 bankruptcy case of *In re AguPlus, LLC, Case No. 19-01529* (the "Bankruptcy Case"), and CPUS Mockingbird, LP ("Landlord" and together with Debtor, the "Parties" and each a "Party"), by and through their respective counsel, and in support of this stipulation (the "Stipulation"), hereby state as follows:

### RECITALS

1. Debtor is the lessee and Landlord is the lessor under that certain Retail Lease between Debtor and Landlord dated July 21, 2017 (the "Lease") of certain commercial real property located at 5331 E. Mockingbird Lane, Suite 125, Dallas, TX 75206 (the "Premises").

2. On November 29, 2019 (the "Petition Date"), Debtor filed its petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. On April 1, 2020, Debtor filed a motion to reject the Lease under section 365 of the Bankruptcy Code, which Debtor then amended (as amended, the "Lease Rejection Motion").

# Exhibit A

4. On April 15, 2020, Debtor filed a motion to authorize the sale of certain personal property located at the Premises (the "Sale Motion"). A list of that certain personal property located at the Premises is attached as Exhibit B to the Sale Motion.

5. On April 19, 2020, the Parties agreed to extend the deadline for Landlord to respond to the Lease Rejection Motion to May 4, 2020, the same deadline for responses to the Sale Motion, so that the Parties could conduct good faith negotiations regarding Landlord's objections to each motion.

6. Since the filing of each motion, the Parties have worked in good faith towards a resolution and have now reached an agreement regarding same.

## STIPULATION

Accordingly, with respect to the Lease Rejection Motion and the Sale Motion, the Parties hereby stipulate as follows:

A. The Parties agree that the foregoing recitals are true and accurate statements of fact, and constitute a material part of this Stipulation.

B. With respect to the Sale Motion, Landlord and Tenant agree that all of the non-fixture personal property located at the Premises, including the property listed on Exhibit B to the Sale Motion, but specifically excluding the walk-in refrigerator and vent hood (which are property of Landlord), constitute estate property that can be sold pursuant to the Sale Motion.

C. Landlord and Debtor agree that the Lease will be rejected effective as of April 30, 2020 (the "Rejection Date"). Debtor will deliver possession of the Premises to the Landlord and return any keys, security codes, and related information needed to operate any systems in the Premises by the Rejection Date.

D. Debtor shall have until the Rejection Date to remove Debtor's personal property from the Premises. Any personal property remaining at the Premises after the Rejection Date shall be considered abandoned to Landlord.

E. Landlord shall be allowed an administrative expense claim of $11,000.00, which is comprised of rent due under the Lease plus attorney's fees recoverable under the Lease from the Petition Date through the Rejection Date, which are entitled to priority under section 365 of the Bankruptcy Code.

F. Landlord shall be entitled to file a proof of claim for its rejection damages in accordance with section 502(b)(6).

G. Landlord may immediately begin attempts to market and re-let the Premises.

H. Except for the rights and obligations described herein, Landlord hereby waives and releases any and all claims, causes of action, rights, or remedies that it may have against Debtor, its agents, parents, subsidiaries, officers, directors, members, managers, employees, attorneys, principals, and affiliated entities, and its bankruptcy estate that relate in any way to the Lease; and Debtor hereby waives and

releases any and all claims, causes of action, rights, or remedies that it or its bankruptcy estate may have against Landlord and its agents, parents, subsidiaries, officers, directors, members, managers, employees, attorneys, principals, and affiliated entities that relate in any way to the Lease.

  I. No amendment of this Stipulation will be valid unless in writing and signed by each of the Parties or their counsel.  No failure or delay by any Party in exercising any right, power, or privilege under this Stipulation will operate as a waiver thereof, nor will any single or partial exercise thereof preclude any other or further exercise of any right, power, or privilege hereunder.

  J. Undersigned counsel to the Parties represent that each of them has all necessary authority, power, and approvals to validly execute on behalf of and to bind the respective Party that they represent to this Stipulation.

  K. The terms and provisions of the Stipulation shall be binding on the Parties and their respective successors and assigns, including but not limited to any trustee(s) that may be appointed in this Bankruptcy Case under Chapter 11 or Chapter 7 of the Bankruptcy Code.

*[End of Stipulation]*

566668v1/19-110/JKG

4
U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 270   Filed 06/09/20   Page 6 of 7

**SO STIPULATED.**

_____
JERROLD K. GUBEN
O'Connor Playdon Guben &
Inouye LLP
733 Bishop Street, Suite 2400
Honolulu, HI 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
JKG@opgilaw.com

Counsel for Debtor
AGUPLUS, LLC

_____
JOHN C. CANNIZZARO
ICE MILLER LLP
250 West Street, Suite 700
Columbus, OH 43215
Telephone: (614) 462-1070
Facsimile: (614) 232-6923
John.Cannizzaro@icemiller.com

Counsel for CPUS
MOCKINGBIRD, LP