O'CONNOR PLAYDON GUBEN & INOUYE LLP
A LIMITED LIABILITY LAW PARTNERSHIP

JERROLD K. GUBEN    3107-0
733 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
JKG@opgilaw.com

Attorney for Debtors and Plan Proponents
AGU PLUS, LLC and AGU-V, INC.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>AGUPLUS, LLC,<br><br>      Debtor and<br>      Debtor-in-Possession. | Case No. 19-01529<br>Case No. 19-01530<br>(Chapter 11)<br><br>(Jointly Administered) |
| In re<br><br>AGU-V, INC.,<br><br>      Debtor and<br>      Debtor-in-Possession. | DEBTORS' JOINT CHAPTER 11<br>LIQUIDATING PLAN<br><br>Judge: Honorable Robert J. Faris |

## DEBTORS' JOINT CHAPTER 11 LIQUIDATING PLAN
### (dated November 23, 2020)

This Joint Chapter 11 Liquidating Plan ("Plan") filed by AguPlus, LLC

and Agu-V, Inc. (the "Debtors"), proposes to pay the allowed claims of creditors of

the Debtors from the proceeds of a Liquidating Trust to be established under this

Plan. If confirmed, this Plan will bind all persons it provides for, whether or not

617516v1\19-110\JKG
8140666 5

they accept this Plan, object to confirmation, file a proof of claim or interest, or have their claims or interests allowed in this case.

Upon confirmation of this Plan, the cash, tangible and intangible assets of both of the Debtors, including claims and causes of action owned by the Debtors, will be transferred into the Liquidating Trust and creditors of the Debtors will be paid, over time, based on the allowed amount of their claims, from the assets of the Liquidating Trust. The Plan will treat the Estates of the Debtors as being substantively consolidated as of the Effective Date. Allowed claims of the Debtors' secured creditors will be paid first, priority claims will be paid on the Effective Date, and unsecured creditors will be paid on a pro rata basis based upon a single list of unsecured creditors for both Estates. The equity interests in the Debtors will be extinguished on the Effective Date of the Plan.

The Plan will be administered by a Liquidation Trustee and all actions taken under the Plan in the name of the Debtors shall be taken through the Liquidation Trustee in accordance with the provisions of the Plan and the Liquidation Trust Agreement. Upon the Distribution of all assets pursuant to the Plan and the filing by the Liquidation Trustee of a certification to that effect with the Bankruptcy Court (which may be included in the application for the entry of the final decree), the Debtors shall be deemed dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtors or payments

to be made in connection therewith; provided, however, that the Liquidation Trustee may, but will not be required to, take appropriate action to dissolve the Debtors under applicable state law.

**Voting:** You may be entitled to vote on this Plan. A Disclosure Statement for the Debtors' Joint Chapter 11 Liquidating Plan (the "Disclosure Statement") that accompanies this Joint Chapter 11 Liquidating Plan explains the voting rules and provides additional information.

**Caution:** Your rights may be affected. Read these documents carefully and discuss them with your attorney. (If you do not have an attorney, you may wish to consult one.)

**Effective Date:** This Plan will become effective (the "Effective Date") on the first day following the entry of a non-stayed and non-appealed confirmation order, or, if that is not a business day, then the next business day after all other conditions to the Effective Date having occurred.

Definitions and rules of construction are as set forth in the Bankruptcy Code, 11 U.S.C. § 101 et. seq., and in the Federal Rules of Bankruptcy Procedure. See §§ 101, 102 and 1101 and Rule 9001. All exhibits to this Plan are considered part of this Plan but, in the event of any conflict between this Plan and its exhibits, the terms of this Plan control.

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed  11/23/20   Page 3 of 34

# I. ARTICLE I: TREATMENT OF CLAIMS AND INTERESTS

**SUMMARY:** The exhibits to the Disclosure Statement show how claims and interests of the Debtors are to be treated under this Plan, as qualified and explained below.

## A. UNCLASSIFIED CLAIMS.

Some claims against the Debtors are unclassified (because they cannot vote and, unless the claim holder agrees otherwise, their treatment is fixed by the Bankruptcy Code). These unclassified claims include costs of administering this bankruptcy case (Administrative Expense Claims), such as professionals' fees and expenses of attorneys and accountant and other administrative expenses granted by the Court. The last day to file a request for payment of Administrative Claims is 30 days after entry of the Order confirming the Plan (the "Confirmation Order") or such other date of as the Court may order.

## B. CLASSIFIED CLAIMS.

All other claims and interests against the Debtors are separated into one of the following classes. Classes 1 and 2 are for claims that are "secured" by collateral – such as a mortgage, or any other claim secured by a lien on property of the bankruptcy estate (Collateral), or proceeds from the sale of Estate property. Class 3 is for "priority" unsecured claims, Class 4 is for general (nonpriority)

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed  11/23/20   Page 4 of 34

unsecured claims, and Class 5, class of membership or equity interests, in the Debtors, which will not survive the confirmation of the Plan under § 1141.

### 1. Class 1: Finance Factors, Limited - Claim Secured by Proceeds from the Sale of 4490 Pahoa Avenue Residence

Class 1 consists of pre-petition claims secured by collateral or lien on the proceeds from the sale of estate property or liens created by a Court order. Finance Factors, Limited ("FF") is the only claimant in Class 1, and asserts a lien against the proceeds of the sale of the real property located at 4490 Pahoa Avenue (the "Kahala Property").

Notwithstanding its filing of proofs of claim against the Debtors, Adversary Proceeding No. 20-90013 (the "Avoidance Action") has been filed by the Debtors and Hannan objecting to FF's claim and seeking to avoid FF's lien. There is currently approximately $1,558,867 being held to satisfy the Class 1 claim at an escrow company, subject to distribution as allowed by the Court.

To the extent that FF's lien is avoided in the Avoidance Action, FF's claim will be treated as a Class 4 non-priority general unsecured claim and the proceeds from the sale of the Kahala Property will be treated under § 552 of the Code.

U.S. Bankruptcy Court - Hawaii  #19-01529   Dkt # 410   Filed  11/23/20   Page 5 of 34

### 2.     Class 2:  Hannan Ribiyou Kabushikigaisha – Junior Lien for Debtor-in-Possession Financing

Hannan Ribiyou Kabushikigaisha ("Hannan") holds a secured Class 2 claim, created by Bankruptcy Court order, as a junior lien on the sales proceeds from the sale of the Kahala Property, and a Super-Priority Administrative Expense Claim for all post-petition advances made to the Debtors.  Hannan's Class 2 Claim will be paid after any Allowed portion of the Class 1 Claim of FF is paid.

### 3.     Class 3:  Unsecured Priority Claims – 11 U.S.C. § 507

An unsecured claim has "priority" if it is entitled to certain special treatment under § 507.  For example, if either of the Debtors owe you wages that you earned within 180 days before the bankruptcy petition was filed on November 29, 2019, then you may hold an unsecured priority claim for those unpaid wages.

Unpaid pre-petition claims of governmental entities, such State or federal taxes, including taxes owed to the State of Hawai'i and the State of Texas or the federal government, if such taxes are not post-petition Administrative Expense Claims, are unsecured priority claims.

Allowed Unsecured Priority Claims under section 507(a)(8) for taxes (and secured claims under 11 U.S.C. § 1129 (a)(9)(D)) will be paid over a period of 5 years from the Petition Date.

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed 11/23/20   Page 6 of 34

### 4. Class 4: Non-Priority General Unsecured Claims.

If you hold a claim that is not secured and is not entitled to a priority, then you hold a Class 4 general unsecured claim. This class is divided into two subclasses. Class 4 contains all general unsecured claims other than any small claims in Class 4A (claims below the amount of $2,000 that, for convenience, are to be paid in full on the Effective Date (as permitted by § 1122(b)).

A creditor may elect to be a Class 4A "convenience class" and be paid in full on the Effective Date by waiving any claim in excess of $2,000.00. Claims in Class 4 will be paid pro rata from the proceeds in the Liquidating Trust, as administered by the Trustee of the Liquidating Trust.

### The Liquidation Trust: Recovery and Payment of Claims.

The actual percentage of the recovery for claims in the various classes largely depends on the total funds available in the Liquidating Trust and the total allowed claims within that class. For example, if Administrative Expense Claims, Secured Claims, or priority claims are larger than expected, then the percentage to be paid to Class 4 Non-priority General Unsecured Claims would be reduced. Distributions from the Liquidating Trust will be based on priorities and senior classes must be paid in full before junior classes are paid. In other words, classes will be paid in numerical order. The estimate of the recovery is calculated as follows: (1) the total funds available for Class 4 under this Plan divided by (2) the

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed 11/23/20   Page 7 of 34

sum of all estimated allowed claims in Class 4, after the payment of secured, administrative and unsecured priority claims. The Liquidating Trust will be funded with existing cash and the proceeds of any recoveries on claims or causes of action, including, but not limited to, forty percent (40%) of any judgment or settlement in the case filed in the U.S. District Court for the District of Hawaii (the "USDC Action"), styled *Hannan Ribiyou Kabushikigaisha v. Agu Ramen LLC, et. al., Civil No. 19-00379 (D. Haw.)*, and other Texas state court action, styled *Hannan Ribiyou Kabushikigaisha v. Personal Representative of the Estate of Hisashi Teddy Uehara, et al., No. 20-DCV-272740* in the District Court for the 434th Judicial District of Fort Bend County, Texas (the "TUFTA Action"), and Hawaii state court action, *Hannan Ribiyou Kabushikigaisha v. Personal Representative of the Estate of Hisashi Teddy Uehara, et al., Civil No. 20-0000198 DEO* in the Circuit Court of the First Circuit, State of Hawaii (the "HUFTA Action"), and any avoidance claims of the Debtors, which are not subject to the Amended Joint Prosecution Agreement.

**5. Class 5: Interests**

Since AguPlus, LLC is a limited liability company, "interests" means limited liability company membership interests or equity interests. AguPlus, LLC owns 100% of the stock in Agu-V, Inc.

Since this is a Chapter 11 Liquidating Plan, there will be no distribution to the holders of Class 5 membership interests in AguPlus, and the Debtors will be

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed 11/23/20   Page 8 of 34

dissolved as part of the closing of the case or and the equity interests will be terminated under § 1141.

### C.   DISPUTED CLAIMS OR INTERESTS

A claim or interest is Disputed if (1) an objection has been filed against it, or (2) it is not listed on Debtor's bankruptcy Schedules, or (3) it is listed on the Debtors' Schedules as "disputed," "contingent," or "unliquidated," and (b) no proof of claim or interest has been filed. All claims listed on the Omnibus Objection who failed to file a proof of claim on or before October 4, 2020 are Disputed Claims that will not receive any distributions.

### Objection to Hannan's Claim

REI Food Service, Inc. ("REI") and Finance Factors have filed separate objections (the "Hannan Claim Objections") to the $2,630,000 prepetition claim of Hannan against AguPlus, LLC (the "Prepetition Note Obligations"), including a request that Hannan's pre-petition claim be recharacterized as an equity interest.

The Hannan Claim Objections will be deferred until such time as there are funds in the Liquidating Trust that are available to pay Class 4 Non-priority Unsecured Creditors. All rights and defenses of the Debtors (and the Liquidating Trustee), REI, Finance Factors, and Hannan are reserved and preserved.

If the matter is not settled, the Liquidating Trustee, REI and Finance Factors will have the option to seek a hearing date from the Bankruptcy Court to

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed   11/23/20   Page 9 of 34

continue to contest Hannan's Prepetition Note Obligations before any distributions are made to Class 4 Claimants.

### D.   DISTRIBUTIONS TO CREDITORS

Except as otherwise specified in this Plan or by separate Court order, payments on each claim in Classes 1 through 4 will be made when the Liquidating Trust has received sufficient funds so that the Trustee of the Liquidating Trust declares a distribution to such class, after notice and hearing.

A separate, interest-bearing bank account (Claims Reserve) will be set up by the Liquidating Trustee to hold distributions for any claims that cannot be paid until they are allowed by court order, such as professional fees or Disputed claims (i.e., Reserved Claims).

The Liquidating Trustee will be required to reserve enough funds to pay the distributions that each Reserved Claim will be entitled to receive if it is allowed in full or the amount in the Liquidating Trust provides for a pro-rata distribution to the allowed claims. Distribution of unclaimed or excess funds. To the extent that a Reserved Claim is disallowed by final order, then, unless otherwise ordered by the court, the funds that had been reserved for such claim will be distributed as provided in this Plan to other creditors of the same class until such claims are paid in full. The distribution will follow the priorities set forth in 11 U.S.C. § 726.

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed 11/23/20   Page 10 of 34

### E.  SETTLEMENT

Liquidating Trustee will have the power and authority to settle or compromise any claim by or against Debtors, subject to notice and court approval under Rule 9019 for as long as the court retains jurisdiction, provided, however, that notice and Court approval will not be required for the Liquidating Trustee to settle or compromise any claims against Debtor that are less than $2,000.00.

### F.  POST CONFIRMATION ACTIVITY

As of the Effective Date, the Liquidation Trustee may conclude the winding down of the Debtor's affairs and administer the Liquidation Trust, without supervision of the Bankruptcy Court, other than those restrictions expressly imposed by the Plan, the Confirmation Order, and the Liquidation Trust Agreement, as applicable. Without limiting the foregoing, the Liquidation Trustee may pay any charges it incurs for taxes, professional fees, disbursements, expenses, or related support services, in connection with their respective duties, after the Effective Date without application to and approval of the Bankruptcy Court.

## II.  ARTICLE II: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

On the Effective Date, Debtors' "executory" contracts (described in the Disclosure Statement), will be rejected as stated in an exhibit attached to the Disclosure Statement. Any executory contract or unexpired lease not expressly assumed and listed on the attached Exhibit will be deemed rejected. The order

U.S. Bankruptcy Court - Hawaii  #19-01529  Dkt # 410  Filed 11/23/20  Page 11 of 34

confirming this Plan will constitute an order approving the treatment of executory contracts and unexpired leases, whether the agreements assumed or rejected.

**Rejection Bar Date.** Any claim arising from the rejection of an executory contract or unexpired lease under the immediately preceding paragraph must be filed by the later of (1) the general bar date for filing proofs of claim, (2) 30 days after the date of the order confirming this Plan, or (3) 30 days after the entry of the order rejecting the executory contract. Rejection claims are general unsecured claims in Class 4.

## III.   ARTICLE III:   MEANS OF IMPLEMENTATION

### A.    PRESERVATION OF CAUSES OF ACTION

On the Effective Date, all causes of action, rights of setoff and other legal and equitable defenses of the Debtors and their Estates (collectively, "Causes of Action") shall be transferred to and vested in the Liquidation Trustee, for the benefit of holders of all Allowed Claims, as set forth in the Plan unless expressly released, waived, or relinquished under the Plan, the Confirmation Order or other order of the Bankruptcy Court.

No Person may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any cause of action against them as an indication that the Liquidation Trustee will not pursue a cause of action against them. The Liquidation Trustee shall exclusively retain and may prosecute and enforce, and the

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed 11/23/20   Page 12 of 34

Debtors expressly reserve and preserve for these purposes, in accordance with sections 1123(a)(5)(B) and 1123(b)(3) of the Bankruptcy Code, any claims, demands, rights and Causes of Action, including, but not limited to, any and all Causes of Actions, of potential but unknown value, against those entities listed on **Schedule 1 of the Plan**. Notwithstanding anything to the contrary in this Plan, all non-Insider (as that term is defined in Section 101(31) of the Bankruptcy Code), preference or avoidance claims or Causes of Action of the Debtors, including, but not limited to any actions or claims arising under section 544, 547, 548 549 and 550 of the Bankruptcy Code and any other similar or corresponding claims or actions arising under state or any other law (collectively, the "Avoidance Actions") against any Person or Entity referenced on Schedule 1 of the Plan are explicitly preserved. No preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, Claim preclusion, estoppel (judicial, equitable or otherwise), claim splitting or laches shall apply to such claims and Causes of Action by virtue of or in connection with the confirmation, consummation or effectiveness of the Plan.

### B.    ESTABLISHMENT OF A LIQUIDATING TRUST

On the Effective Date, the Liquidation Trust shall be formed pursuant to the Plan and established and become effective in accordance with the Liquidation Trust Agreement to liquidate all of the tangible and intangible assets of the Debtors,

U.S. Bankruptcy Court - Hawaii  #19-01529  Dkt # 410  Filed 11/23/20  Page 13 of 34

and to enable the Liquidation Trustee to distribute the Liquidation Trust Assets in accordance with the Plan and the Liquidation Trust Agreement. The intangible assets of the Debtors include Causes of Action retained by the Estate under the jurisdiction of the Bankruptcy Court described above. The Liquidation Trust shall be established for the sole purpose of liquidating and distributing the Liquidation Trust Assets, in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business.

On the Effective Date, the Debtors shall transfer all of their tangible and intangible assets to the Liquidation Trust. On or before the Effective Date, the Liquidation Trust Agreement shall be executed by the Debtors and the Liquidation Trustee and shall become effective without further action by any party. On the Effective Date or as soon as practicable thereafter, a reserve shall be established to pay the expenses related to liquidation and distribution Debtors' assets, including without limitation, costs and expenses of counsel or other advisors, in accordance with the Liquidation Trust Agreement. The terms of the Liquidation Trust Agreement shall control as to all matters applicable to the Liquidation Trust. To the extent there is any conflict between the Liquidation Trust Agreement and the Plan, the Liquidation Trust Agreement shall govern.

U.S. Bankruptcy Court - Hawaii  #19-01529  Dkt # 410  Filed 11/23/20  Page 14 of 34

### C.    POWERS AND DUTIES OF THE LIQUIDATION TRUSTEE.

As of the Effective Date, the Liquidation Trustee shall be appointed under section 1123(b)(3)(B) of the Bankruptcy Code, and shall serve in such capacity, and shall have comparable authority as a bankruptcy trustee of the Debtors as the exclusive representative of the Debtors' Estates or any corresponding provision of federal or state laws and shall succeed to all of the Debtors' and the Estates' rights.  The powers, rights, and responsibilities of the Liquidation Trustee, all of which shall arise upon the occurrence of the Effective Date, shall be specified in the Liquidation Trust Agreement and shall include, but not be limited to:  (a) collecting and liquidating the Liquidation Trust Assets under the jurisdiction of the Bankruptcy Court; (b) asserting, prosecuting, objecting to, pursuing, compromising and settling in accordance with the Liquidation Trustee's reasonable business judgment, all matters affecting the Estate, including, without limitation, Disputed Claims, and/or other Causes of Action related thereto, to the extent set forth in the Liquidation Trust Agreement and except as provided therein, without further order of the Bankruptcy Court; (c) asserting and enforcing all legal or equitable remedies and defenses belonging to the Debtors or their Estates, including, without limitation, setoff, recoupment and any rights under section 502(d) of the Bankruptcy Code; (d) acting on behalf of the Debtors in all adversary proceedings and contested matters then pending or that can be commenced in the Bankruptcy Court and in all actions

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed 11/23/20   Page 15 of 34

and proceedings pending or commenced elsewhere, and to settle, retain, enforce, dispute, or adjust any claim and otherwise pursue actions involving assets of the Debtor that could arise or be asserted at any time under the Bankruptcy Code, unless otherwise, waived, relinquished or transferred in the Plan; (e) taking such actions the Liquidation Trustee deems appropriate in his or her reasonable business judgment against any Person with respect to a Claim or Cause of Action and commencing any process or proceeding in the Bankruptcy Court or in any court of competent jurisdiction in accordance with applicable laws, to the extent set forth in the Liquidation Trust Agreement; (f) making distributions to holders of all Allowed Claims, including Professional Fee Claims, in accordance with the Plan and Liquidation Trust Agreement; (g) proceeding with and employing all discovery devices permitted under applicable law, including Rule 2004 of the Bankruptcy Rules, in order to investigate any claims or Causes of Action; (h) employing, without further order of the Bankruptcy Court, professionals or other Persons to assist him/her in carrying out his/her duties hereunder, and under the Liquidation Trust Agreement, and compensating and reimbursing the expenses of those professionals and other Persons, on the terms to be agreed to by the Liquidation Trustee and such professionals and other Persons, without further order of the Bankruptcy Court, to the extent set forth in the Liquidation Trust Agreement; (i) investing cash in accordance with section 345 of the Bankruptcy Code, withdrawing and making

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed 11/23/20   Page 16 of 34

distributions of cash to holders of Allowed Claims and paying taxes and other obligations owed by the Debtors or incurred by the Liquidation Trustee from available cash in accordance with the Plan; (j) coordinating the turnover of property, if any, subject to rejected executory contracts or abandonment or liquidation of any retained assets and disposing of, and delivering title to others of, or otherwise realizing value of, all the remaining assets; (k) overseeing compliance with the Debtors' accounting, finance, and reporting obligations and the filing of final tax returns, refund requests, audits, and other corporate dissolution documents, if required; (l) preparing financial statements and U.S. Trustee post-confirmation quarterly reports, until such time such time as the Bankruptcy Court enters an order (i) dismissing the Chapter 11 Case, (ii) converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, or (iii) approving a final decree closing the Chapter 11 Case; (m) paying all other expenses for winding down the affairs of the Debtors in accordance with a wind down budget or as otherwise agreed to by the Liquidation Trustee, and in the event of a dispute that cannot be resolved, resolving such dispute in the Bankruptcy Court, subject to the terms of the Plan; (n) executing and delivering all documents, and taking all actions, necessary to consummate the Plan, implement the Liquidation Trust Agreement business; (o) implementing and/or enforcing all provisions of the Plan; and (p) such other powers as may be vested in or assumed by the Liquidation Trustee pursuant to the Liquidation Trust Agreement,

U.S. Bankruptcy Court - Hawaii  #19-01529  Dkt # 410  Filed 11/23/20  Page 17 of 34

Plan, other Bankruptcy Court order, or as may be needed or appropriate to carry out the provisions of the Plan and Liquidation Trust Agreement.

### D. APPOINTMENT OF THE LIQUIDATION TRUSTEE

The Debtors will suggest names of individuals to serve as the Liquidation Trustee, which will be subject to the approval of creditors and the Court. The Liquidation Trustee shall be deemed the Estate's sole representative in accordance with section 1123 of the Bankruptcy Code and shall have all powers, authority, and responsibilities specified in the Plan, including, without limitation, the powers of a trustee under sections 704 and 1106 of the Bankruptcy Code.

### E. RESIGNATION OR REMOVAL OF LIQUIDATION TRUSTEE

If the Liquidation Trustee resigns or is removed, dissolves, or is incapacitated, the terms of the Liquidation Trust Agreement shall govern regarding the designation of a successor Liquidation Trustee, and following such designation, the successor Liquidation Trustee, without further act, shall become fully vested with all of the rights, powers, duties, and obligations of his or her predecessor, with the same compensation of the predecessor Liquidation Trustee. No successor Liquidation Trustee shall in any event have any liability or responsibility for the acts or omissions of any of his or her predecessors.

### F. RESIGNATION OF DIRECTORS AND OFFICERS.

Upon the Effective Date of the Plan, the Debtors' Responsible Person shall continue until relieved by separate Court Order. The Liquidation Trustee of

U.S. Bankruptcy Court - Hawaii  #19-01529  Dkt # 410  Filed 11/23/20  Page 18 of 34

the Liquidation Trust shall be the representative of the Debtors post-Effective Date and shall have authority to take any actions on behalf of the Debtors.

### G. EXCULPATION

The Liquidation Trustee shall have no liability for any action taken or omitted to be taken in connection with or related to the winding down and post-confirmation administration of the Debtors' Estates, except for (i) fraud, gross negligence, or willful misconduct, and (ii) solely in the case of attorneys, to the extent that such exculpation would violate any applicable rule of professional conduct.

### H. FUNDING OF PLAN

#### 1. Exit Financing From Hannan

On the Effective Date, the Debtors will enter into a credit facility with Hannan in the amount of up to $500,000, or an amount approved by the Court (the "Exit Facility") on substantially the same terms as the prior financing (including a super-priority administrative expense claim and the liens described below), to provide the funding necessary to satisfy the Plan's cash payment obligations on the Effective Date.

Hannan's existing Class 2 Claim of $250,000, plus applicable interest, attorney's fees and costs, will be increased by an amount equal to the amount of the Debtors' draw on the Exit Facility.

Hannan's Exit Facility will be secured by a junior lien on existing assets subject to a senior lien, and by a first-priority lien on all assets not subject to an existing lien, as established by the Court.

As a condition to providing the Exit Facility, Hannan will receive a full and general release of all claims arising before the Effective Date.

### 2. Proceeds of Causes of Action

Payments to creditors not paid on the Effective Date will be funded by proceeds from claims and causes of action, including the USDC Action, the HUFTA Action, and the TUFTA Action, as provided by the Joint Prosecution Agreement.

In addition, the Liquidating Trust will receive proceeds from any recoveries from Avoidance Actions brought by the Liquidation Trustee.

## I. DISTRIBUTION PROVISIONS

### 1. No Distribution in Excess of Allowed Amount of Claim.

Notwithstanding anything to the contrary herein or in the Plan, no holder of an Allowed Claim shall receive in respect of such claim any distribution in excess of the amount of such Allowed Claim, except as otherwise provided herein.

### 2. *De Minimis* Distributions.

The Liquidation Trustee shall not be required to make any Cash payment of less than twenty-five dollars ($25.00).

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed 11/23/20   Page 20 of 34

### 3. Allocation of Payments.

Amounts paid to holders of Allowed Claims that are entitled to payment of interest, attorney's fees and costs in satisfaction thereof shall be allocated first to the principal amounts of such Claims, with any excess allocated to interest, if any, that has accrued on such Claims but remains unpaid, and then to attorney's fees and costs.

### 4. Timing of Distributions.

Each Distribution shall be made on the relevant Distribution Date therefore and shall be deemed to have been timely made if made on such date or within ten (10) days thereafter. No interest shall accrue or be paid with respect to any Distribution as a consequence of such Distribution not having been made on any date specified herein.

### 5. Manner of Payments Under the Plan.

Unless the Person or Entity receiving a distribution agrees otherwise, any distribution to be made in cash under the Plan shall be made, at the election of the Liquidation Trustee by check drawn on a domestic bank or by wire transfer from a domestic bank.

### 6. Setoffs.

The Liquidation Trustee is authorized, pursuant to and to the extent permitted by applicable law, to set off against any Allowed Claim and the distributions to be made on account of such Allowed Claim, the claims, rights, and

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed 11/23/20   Page 21 of 34

Causes of Action of any nature that the Debtors' Estates may hold against the holder of such Allowed Claim; provided, however, that the Liquidation Trustee gives the holder of such Allowed Claim no fewer than five (5) days' notice in writing (including email) of the proposed setoff and the holder of such Allowed Claim does not object to the proposed setoff within thirty (30) days of receiving such notice. If an objection is timely raised to a proposed setoff, the Liquidation Trustee may seek relief from the Bankruptcy Court to effectuate the setoff. Neither the failure to effect such a setoff nor the allowance of any Claim under the Plan shall constitute a waiver or release by the Estate or the Liquidation Trustee of any such Claims, rights, and Causes of Action the Estate may have against such holder.

### 7. Exemption from Transfer Taxes.

Pursuant to section 1146(a) of the Bankruptcy Code, the delivery, making, filing, or recording of any deed or other instrument of transfer, or the issuance, transfer, or exchange of property, under the Plan, including any deeds, bills of sale, or assignments of any assets contemplated by the Plan, shall not be subject to any stamp, real estate transfer, mortgage, recording, or other similar tax to the maximum extent covered by section 1146 of the Bankruptcy Code.

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed   11/23/20   Page 22 of 34

8.      **Preservation and Application of Insurance.**

The provisions of the Plan shall not diminish or impair in any manner the enforceability of coverage of any insurance policies (and any agreements, documents, or instruments relating thereto).

9.      **Address for Delivery of Distributions.**

Subject to Bankruptcy Rule 9010, any distribution or delivery to a holder of an Allowed Claim shall be made at the address of such holder as set forth on the Schedules of Assets and Liabilities or on proofs of claim, which will be transferred to the Claim Registers maintained by the Liquidation Trustee. If any Distribution is returned to the Liquidation Trustee as undeliverable, no distributions shall be made to such holder unless the Liquidation Trustee is notified of such holder's then current address within sixty (60) days after such distribution was returned. After such date, if such notice was not provided, a holder shall have forfeited its right to such distribution, and the undeliverable distribution shall be reallocated and distributed to holders of Allowed Claims in accordance with the Plan. The Liquidation Trustee shall require any distributee to furnish to the Liquidation Trustee in writing an Employer Identification Number or Taxpayer Identification Number as assigned by the Internal Revenue Service and the Liquidation Trustee may condition any distribution to any distributee upon receipt of such identification number. If the Employer Identification Number or Taxpayer

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed 11/23/20   Page 23 of 34

Identification Number are not provided by the required deadline established by the Liquidation Trustee, the claim of any distributee may be expunged and no distribution will be issued by the Liquidation Trustee to such distributee. The amounts owed to such holder shall be reallocated and distributed to holders of Allowed Claims in accordance with the Plan.

### 10. Federal Income Tax Consequences to the Debtors.

The Debtors do not anticipate that confirmation of the Plan will result in the Debtors being assessed or owing any Federal Income Tax. Confirmation will not trigger a taxable event. Moreover, the elimination of intercompany payables/receivables will not give rise to any cancellation of indebtedness income.

### 11. Time Bar to Cash Payments.

Checks issued by the Liquidation Trustee in respect of Allowed Claims shall be null and void if not negotiated within sixty (60) days after the date of issuance thereof. Requests for reissuance of any check shall be in writing to the Liquidation Trustee by the holder of the Allowed Claim to whom such check originally was issued. Any such written claim in respect of such a voided check must be received by the Liquidation Trustee on or before 60 days after the expiration of the 60-day period following the date of issuance of such check. Thereafter, the amount represented by such voided check shall irrevocably revert to the Estate and be treated as Available Cash. Any Claim in respect of such voided check shall be

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed 11/23/20   Page 24 of 34

discharged and forever barred from assertion against the Debtor, the Estate or the Liquidation Trustee.

### 12. Record Date for Distributions to Holders of Claims.

As of the close of business on the Confirmation Date, there shall be no further changes in the record holders of claims. The Debtors or the Liquidation Trustee, as applicable, shall have no obligation to recognize any transfer of claims occurring after the Confirmation Date.

### 13. Disputed Payments.

If any dispute arises as to the identity of a holder of an Allowed Claim who is to receive any distribution, the Liquidation Trustee may, in lieu of making such distribution to such Person, make such distribution into an escrow account to be held in trust for the benefit of such holder and such distribution shall not constitute property of the Estate. Such distribution shall be held in escrow until the disposition thereof shall be determined by order of the Bankruptcy Court or other court of competent jurisdiction or by written agreement signed by all of the interested parties to such dispute.

U.S. Bankruptcy Court - Hawaii  #19-01529  Dkt # 410  Filed 11/23/20  Page 25 of 34

## IV.  DISCHARGE; EFFECTS OF CONFIRMATION

### A.  DISCHARGE

Debtors shall not receive a discharge of debts to the extent and at the time provided in § 1141(d), whether or not a party in interest has filed a proof of claim or interest, or accepts this Plan, unless the court orders otherwise.

### B.  VESTING OF PROPERTY IN THE LIQUIDATING TRUST

On the Effective Date, all property of the bankruptcy Estates of the Debtors will vest in the Liquidation Trust pursuant to § 1141(b) and (c), free and clear of all claims and interests except as otherwise provided for in this Plan.  The property will include all Causes of Action, including the USDC Action, the HUFTA Action and the TUFTA Action, and other avoidance claims and proceeds adjudicated by the Liquidation Trustee.

### C.  PLAN CREATES NEW OBLIGATIONS

Except as otherwise provided in this Plan, the payment terms provided for in this Plan constitute new contractual obligations that replace any payment terms that existed prior to the Effective Date.  Any allowed claim, legal or equitable, secured, priority or unsecured will be transferred to the funds in the Liquidation Trust and the Liquidating Trustee has the obligation to make all distribution as provided for by the Plan and as approved by the Court.

U.S. Bankruptcy Court - Hawaii  #19-01529  Dkt # 410  Filed 11/23/20  Page 26 of 34

### D.   ACTIONS RESTRAINED

Creditors, interest holders and other parties in interest may not take any action to enforce pre-confirmation obligations, or any obligations due under this Plan, so long as there is no in material default under this Plan (as defined below). If there is a material default under this Plan, then any party in interest may move the Court to take any action under the Plan or under the Bankruptcy Code. If this case is converted to chapter 7 at any time, then property will revest in the chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the court during this case.

## V.   GENERAL PROVISIONS

### A.   CONDITIONS TO CONFIRMATION

The Plan may not be confirmed unless the Confirmation Order is entered in a form reasonably acceptable to Hannan, as DIP lender and Exit Financing lender.

### B.   CONDITIONS TO OCCURRENCE OF THE EFFECTIVE DATE

The Effective Date for the Plan will not occur unless the Bankruptcy Court shall have entered the Confirmation Order and it shall have become a Final Order.

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed   11/23/20   Page 27 of 34

### C.    MODIFICATION OF PLAN

The Plan Proponents may modify this Plan at any time before confirmation, subject to § 1127 and Rule 3019(a), but in that event the court may require a new disclosure statement and/or revoting on the Plan.    The Plan Proponents, the Liquidation Trustee or any creditor may seek to modify this Plan at any time after confirmation (1) if this Plan has not been substantially consummated and (2) if the court authorizes the proposed modifications after notice and a hearing (§ 1127(b)).

### D.    CRAMDOWN

The Plan Proponents reserve the right to seek confirmation notwithstanding the rejection of this Plan by one or more classes of creditors, pursuant to § 1129(b).

### E.    GOVERNING LAW AND BINDING EFFECT

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or Rules), the laws of the State of Hawai'i govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.    The rights and obligations of any persons or entities named or referred to in this Plan shall be binding upon and shall inure to the benefit of heir of such person or successors or assigns of such entity.

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed 11/23/20   Page 28 of 34

### F.     QUARTERLY FEES

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with that statute until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7, or until this Court enters an Order pursuant to Rule 3022.

### G.     CLOSING CASE AND POST-CONFIRMATION STATUS REPORT

As soon as practicable under Rule 3022, the Liquidation Trustee shall file a motion with the court to obtain a final decree to close this bankruptcy case, unless good cause is shown to keep this case open. As long as this case is not closed, the Liquidation Trustee must file quarterly status reports explaining what progress has been made in making payments under the Confirmed Plan and the status of the litigation. The status report must be served on the United States Trustee and those parties who have requested special notice.

### H.     SUBSTANTIAL CONSUMMATION

On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

### I.     RETENTION OF JURISDICTION

After confirmation, the court retains and may exercise jurisdiction over proceedings concerning: (1) whether there is material default under this Plan, (2) whether the time for performing any Plan obligation should be extended, (3) adversary proceedings and contested matters pending as of the Effective Date or

U.S. Bankruptcy Court - Hawaii  #19-01529  Dkt # 410  Filed 11/23/20  Page 29 of 34

specifically contemplated in this Plan or in the Disclosure Statement, (4) whether the case should be dismissed or converted to one under chapter 7, (5) any proceedings to allow or disallow claims or administrative expenses (the court will not review professional fees incurred after the Effective Date, unless otherwise stated in attached exhibits to the Plan or Disclosure Statement), (6) settlements or compromises under Rule 9019, (7) any other proceedings, whether or not commenced or contemplated as of the Effective Date, regarding the implementation, interpretation, or enforcement of this Plan or the administration of the bankruptcy case or estate. This retention of jurisdiction, however, will end no later than three (3) years after the Effective Date, (b) as to any then-pending adversary proceeding or contested matter, when it is finally resolved by a judgment or order, or (c) until the Liquidating Trust has distributed all of its proceeds.

DATED: Honolulu, Hawai'i, November 23, 2020.

*/s/ Jerrold K. Guben*

JERROLD K. GUBEN
Attorney for Plan Proponents
AGUPLUS LLC and AGU-V, INC.

U.S. Bankruptcy Court - Hawaii  #19-01529  Dkt # 410  Filed 11/23/20  Page 30 of 34

# LIQUIDATING TRUST AGREEMENT

[To be provided]

617516v1\19-110\JKG
8140666 5

# EXHIBIT A
## (Claims Registry)

617516v1\19-110\JKG

-2-

# EXHIBIT B
## (Executory Contracts)

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed  11/23/20   Page 33 of 34

## SCHEDULE "1"
### (List of Potential Defendants)

(1)     All defendants in the case of *Hannan Ribiyou Kabushikigaisha v. Personal Representative of the Estate of Hisashi Teddy Uehara, et al., Civil No. 20-0000198 DEO* (First Circuit, State of Hawaii);

(2)     All defendants in the case of *Hannan Ribiyou Kabushikigaisha v. Personal Representative of the Estate of Hisashi Teddy Uehara, et al., No. 20-DCV-272740* in the District Court for the 434th Judicial District of Fort Bend County, Texas; and

(3)     All defendants in the case of *AguPlus, LLC, et al. v. Finance Factors Limited, Adversary No. 20-90013* (Bankr. D. Hawaii).

(4)     All parties in the case of *In re Estate of Hisashi Uehara aka Hisashi Teddy Uehara, Case No. 20- CPR-034205* (District Court for the 434th Judicial District of Fort Bend County, Texas)

(4)     Adair Myers Graves Stevenson

(5)     Kenichi Yagi

(6)     Grant Kidani

(7)     Kidani Law Firm

(8)     Eiger LLC

This Schedule is subject to further revisions and additions before confirmation of the Plan.

U.S. Bankruptcy Court - Hawaii   #19-01529   Dkt # 410   Filed 11/23/20   Page 34 of 34