TSUGAWA LAU & MUZZI
A HAWAII LIMITED LIABILITY LAW COMPANY

ERIC H. TSUGAWA (3769)
CHRISTOPHER J. MUZZI (6939)
Bishop Place
1132 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Telephone: (808) 531-0490
Email: etsugawa@hilaw.us
cmuzzi@hilaw.us

Attorneys for FINANCE FACTORS, LIMITED

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>AGUPLUS, LLC,<br><br>    Debtor and<br>    Debtor-in-Possession. | Case No. 19-01529<br>Case No. 19-01530<br>(Chapter 11)<br>(Jointly Administered) |
| In re:<br><br>AGU-V, INC.,<br><br>    Debtor and<br>    Debtor-in-Possession. | Hearing:<br>Date: March 15, 2021<br>Time: 2:00 p.m.<br>Judge: Robert J. Faris |

**FINANCE FACTORS, LIMITED'S OBJECTION TO EX PARTE MOTION TO ENLARGE TIME TO FILE BALLOT TO ACCEPT OR REJECT JOINT PLAN OF REORGANIZATION**

30101/88/99478

Creditor and Party in Interest Finance Factors, Limited ("**Finance Factors**") hereby submits its objections to Debtors' Ex Parte Motion to Enlarge Time to File Ballot to Accept or Reject Joint Plan of Reorganization ("**Motion to Enlarge**").

The Debtors concede that whether or not the ballot of creditor St. Louis Alumni Association is counted is likely be outcome determinative. However, despite the significance, the Debtor's Motion to Enlarge completely fails to establish the necessary evidentiary basis to grant the motion.

First, the evidence does not even establish that the St. Louis Alumni Association submitted a ballot. <u>See</u> Declaration of Jerrold K. Guben; Exhibit A, Dkt. No. 500. Exhibit A contains an incomplete email trail between Mr. Guben and Mr. Stone that provides less than sufficient information to have any evidentiary value. In that email trail, in response to an email from Mr. Guben dated March 9, 2021 that does not indicate it includes an attachment, Mr. Stone says, "You may affix my signature and file it." Mr. Stone does not reference the plan; does not state whether St. Louis Alumni Association is accepting or rejecting the plan; and fails to state the amount of the claim being voted. Federal Rules of Bankruptcy Procedure Rule 3018(c) provides in relevant part that, "An acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form." Mr. Stone's email does not comport with Rule 3018(c). While Exhibit A

also includes a completed ballot for St. Louis Alumni Association accepting the plan, it does not appear that Mr. Stone submitted the ballot. Thus, the evidence does not establish that St. Louis Alumni Association accepted the plan in the form prescribed by Federal Rules of Bankruptcy Procedure Rule 3018(c).

Further, in the Motion to Enlarge, Debtors assert that "[t]he procedure for allowing a late ballot is set forth in <u>Hanson v. First Bank of South Dakota</u>, 828 F.2d 1310, 1313-14 (8th Cir. 1987)." Assuming that is a correct statement of the law, the Debtors have failed to establish an evidentiary basis for allowing the late ballot pursuant to <u>Hanson</u>. <u>Hanson</u> provided that, under appropriate circumstances, an enlargement of time could be had to allow a late ballot under Fed. R. Bankr. Rule 9006(b)(1). <u>Id.</u> Rule 9006(b)(1) provides that:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act w**as the result of excusable neglect**.

(Emphasis added.)

<u>Pioneer Investment Services Company v. Brunswick Associates Limited Partnership</u>, 507 U.S. 380, 395 (1993), sets forth non-exclusive factors to be considered with respect to excusable neglect under Rule 9006(b)(1): "the danger of

2

prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

Here, Debtors failed to establish an evidentiary basis for a finding of excusable neglect. The record is devoid of any evidence whatsoever regarding the reason for the delay in creditor's alleged filing of its ballot. The Debtors say that they contacted St. Louis Alumni Association's attorney about the ballot on March 8, 2021, but make the conclusory statement that, "Mr. Stone was unable to submit the Ballot on March 8, 2021, but was able to submit the Ballot on March 9, 2021." Guben Declaration at ¶3. Debtors have completely failed their burden to present evidence to establish excusable neglect.

For the foregoing reasons, the Motion to Enlarge should be denied.

DATED: Honolulu, Hawaii, March 15, 2021.

> /s/ Christopher J. Muzzi
> CHRISTOPHER J. MUZZI
> Attorney for FINANCE FACTORS, LIMITED